UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID C. LETTIERI,

                                          Plaintiff,

v.                                                       3:24-CV-0434 (GTS/ML)

KAREN MATSON, Exec. Director, Humane Society;
THE BROOME COUNTY HUMANE SOCIETY;
DAVID GASKA; JOEL L. DANIELS; MICHAEL
HOCKWATER; LAW ENFORCEMENT
HOCKWATER AGENT, Western District of NY;
ERIC SCHMICT, Western District of NY;
LAW ENFORCEMENT AGENT SCHMICT,
Western District of NY; BROOME COUNTY
DISTRICT ATTORNEY OFFICE; BROOME
COUNTY ADA DOE; BROOME COUNTY
SHERIFF; BROOME COUNTY SHERIFF
DOES #1-3; FEDERAL AGENT DOES #1-6;
TOWN OF COLESVILLE; PAUL POWELL;
DEPARTMENT OF JUSTICE; PAUL E.
BONANNO; MEGAN A. TOKIASH;
FEDERAL BUREAU OF INVESTIGATION;
RANDALL E. GARVER; JENELLE BRIGUEAL;
LEON BROWN; BENJAMIN HURTING;
STATE TROOPER NEW YORK; NEW YORK
TROOPER DOE; and DIANA W.,

                                          Defendants.
_____

APPEARANCES:

DAVID C. LETTIERI, 16091-509
  Plaintiff, *Pro Se*
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, Pennsylvania 17837

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by David C. Lettieri ("Plaintiff") against the above-captioned agencies, entities and individuals ("Defendants"), are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff be required to pay the Court's filing and administrative fee of $405.00 within thirty days or that his Complaint be dismissed, without prejudice and without further Order of the Court, for failure to do so, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 12, 13.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*See generally* Dkt. No. 12.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (*Id.*) To those reasons, the Court adds only one brief point.

Even when construed liberally, Plaintiff's Objection fails to contain a *specific* challenge to a finding or conclusion contained in the Report-Recommendation. (Dkt. No. 13.)[1] As a result,

---

[1]    When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement,

the "challenged" portions of the Report-Recommendation are entitled to only a clear-error review,[2] which they easily survive. In the alternative, the Court finds that any challenged portion of the Report-Recommendation survives a *de novo* review: Magistrate Judge Lovric committed no error in either calculating Plaintiff's accrued "strikes" or assessing whether Plaintiff has alleged facts plausibly suggesting that he was "under imminent danger of serious physical injury" when he signed his Complaint.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) **will be DISMISSED**, **without prejudice** and without further order of the Court, **UNLESS** he pays the Court's filing and administrative fee of **FOUR HUNDRED AND FIVE DOLLARS AND ZERO CENTS ($405.00)** within **THIRTY (3O) DAYS** of the entry of this Decision and Order; and it is further

**ORDERED** that, should Plaintiff timely remit the above-referenced $405.00 fee,

---

devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] When no specific challenge is made to a magistrate judge's report-recommendation, the Court subjects that report-recommendation to only a "clear error" review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Plaintiff's Complaint will be returned to Magistrate Judge Lovric for initial review pursuant to 28 U.S.C. § 1915A.

Dated: November 6, 2024
       Syracuse, New York

*Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge